IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SCOTTY WITT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:22-CV-244-WHA-CSC ) |
| RUSSELL CO. JAIL, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Scotty Witt, an inmate detained at the Russell County Jail in Phenix City, Alabama, filed this 42 U.S.C. § 1983 Complaint on April 29, 2022. By Order of May 3, 2022, the undersigned directed Plaintiff to file, by May 17, 2022, either the $402.00 filing and administrative fees or an affidavit in support of a motion for leave to proceed *in forma pauperis* and also informed Plaintiff his failure to comply with the May 3 Order would result in dismissal of this action. Doc. 3. To date, Plaintiff has not filed a response to the May 3, 2022, Order or otherwise complied with the Order of the Court.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police

its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

It is ORDERED that by **November 23, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 9th day of November 2022.

/s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE